GAMALIEL HODGES *et al. versus* JOHN SAUNDERS.

By a contract in writing between P, who was in possession of certain land, and the
defendant, it was agreed, that their conflicting claims thereto should be submitted
to an arbitrator, whose award should be final. The arbitrator awarded, that the
defendant had no legal claim to the land, and that he should execute a release to
P ; but he refused so to do. P. subsequently died, and his administrator sold the
land under a license of court, and conveyed the same to the purchaser, but without
covenanting for the validity of the title. A bill in equity was thereupon brought
by the purchaser, in his own name, and by the administrator, to compel the de-
fendant to execute a release. It was *held*, that the administrator was a necessary
party to such suit ; that the agreement to refer was equal and mutual ; that the
agreement and award passed in equity to the purchaser with the land, although not
assigned in express terms, the administrator having affirmed the assignment there-
of, by becoming a party to the suit, and having authority to make such assignment;
and consequently that such suit was rightly brought, and the purchaser entitled to
a decree.

BILL in equity. The bill, which was originally brought by
the plaintiff Hodges alone, set forth, that on September 17,
1830, Michael Pitman, who was in possession of a parcel of
land, called the Wellman estate, in Salem, claiming to own
the same in fee simple, and the defendant, who also claimed
to have a legal title thereto, agreed, by an instrument in
writing, that the claim of the defendant should be submitted to
the arbitration of Benjamin Merrill, Esq., and that the written
award of the arbitrator should be final, and should be immediate-
ly carried into effect ; that on January 6, 1831, the arbitrator,
having previously given due notice, met and heard the parties,
and awarded, that the defendant had then no legal claim to
such real estate, that Pitman was then seised thereof in his
demesne as of fee, and that the defendant should execute and
deliver to Pitman a release thereof; that on February 1, 1831,
Pitman requested the defendant to execute and deliver to him
such a release, but that the defendant refused so to do ; that
on or about August 1, 1831, Pitman died, and William E.
Hacker was appointed administrator of his estate ; that on
January 3, 1832, Hacker was duly empowered by the Court
of Probate to sell the premises for the payment of the debts
of Pitman, and in pursuance of such authority sold the same
to the plaintiff for the sum of $420 ; that on May 26, 1832,
Hacker executed and delivered to the plaintiff a · deed of the

premises conveying the right and title of Pitman therein, and also his right and title in, to and by the submission and award, but not containing covenants for the validity of the title; that under this conveyance, the plaintiff entered and held possession of the estate; that the defendant still claimed the title and possession thereof; and that although the plaintiff had exhibited Hacker's deed, to the defendant, and demanded that he should execute and deliver to him a release under such award, yet the defendant refused so to do, or in any way to carry the award into effect. Wherefore the bill prayed, that the defendant might be compelled to execute and deliver to the plaintiff a good and sufficient release of the premises.

The defendant demurred to the bill, because it appeared by the plaintiff's own showing, that Hacker, the administrator of Pitman, was a necessary party to the bill; because it appeared, by the plaintiff's own showing, that he had not such an interest in the subject matter of the bill, nor such a right to call on the defendant to answer his demand, as to entitle him to the relief prayed for; and because the bill did not contain sufficient matter of equity whereon this Court could ground any decree in favor of the plaintiff.

The plaintiff, afterwards, under the order and decree of the Court, amended his bill, by making Hacker a party plaintiff thereto.

The defendant demurred to the amended bill, because it did not appear, that there was or had been any privity between the plaintiff, Hodges, and the defendant; because it did not appear that Hacker had any power to sell or assign the award or the land described in it; because it did not appear, that Hacker had or claimed any interest in the award or land, or that he had been or could be damnified by reason of the award not being specifically performed; and because the plaintiff had not shown such a case as would entitle him to relief in this Court.

*Saltonstall* and *Lord*, for the defendant. This is a bill for specific performance, and it is therefore an application to the discretion of the Court. *Joynes* v. *Statham*, 3 Atk. 389; *Seymour* v. *Delancey*, 6 Johns. Ch. R. 225. The plaintiffs must show, that the remedy is mutual, that is, that if the award had been in favor of the defendant, he could have

enforced a specific performance of it against the plaintiffs, or
have obtained relief. *Parkhurst* v. *Van Cortlandt*, 1 Johns.
Ch. R. 282 ; *Benedict* v. *Lynch*, 1 Johns. Ch. R. 373 ;
*Morgan* v. *Morgan*, 2 Wheaton, 290 ; *Brashier* v. *Gratz*, 6
Wheaton, 528, 541.

But if these difficulties could be removed, then we say,
there was no privity between Hodges and the defendant, and
consequently that this bill cannot be sustained by him. Mitf.
Ch. Pl. 137, 141.

It does not appear, that Pitman, if alive, could assign the
award, so that the assignee could maintain this bill. But even
if he had such power, his interest therein could not be assign-
ed by his administrator. In the contract in question, nothing
is said in relation to executors, administrators or assigns.
Unless they are named in the contract, they cannot compel a
specific performance of it. *Crosseing* v. *Honor*, 1 Vernon,
180 ; *Uxbridge* v. *Staveland*, 1 Ves. sen. 56. The adminis-
trator represents only the person of the intestate. He has no
control over this real estate, and claims no interest therein,
except under the statute authorizing him to sell for the pay-
ment of debts. This bill should have been brought by the
heir. *Champion* v. *Brown*, 6 Johns. Ch. R. 398.

*Choate*, for the plaintiff. It is settled, that where an agree
ment is made to refer a question of title to real estate and to
perform the award, the party in whose favor the award is made
may enforce a specific performance thereof. *Jones* v. *Boston
Mill Corporation*, 4 Pick. 507 ; *S. C.* 6 Pick. 148. There
was clearly a mutuality in regard to remedy, between Pitman
and the defendant. Pitman's rights were fixed, and he could
have assigned them. But it is said, that the administrator had
no power to pass the interest of Pitman in the award, even if
Pitman himself could have done so. Such power seems
clearly incidental to the authority of the administrator under
the statute to sell the real estate. The Court will construe
trust powers, like that of the administrator to sell the rea.
estate of the intestate, liberally, in order to effect the execu-
tion of the trust. 4 Kent's Comm. 337, 338 ; *Wilson* v.
*Troup*, 7 Johns. Ch. R. 32.

The award did not pass the title, but is conclusive as to the

right.  *Sellick* v. *Addams*, 15 Johns. R. 197  *Calhoun* v.  *Dunning*, 4 Dallas, 120 ; *Doe* v. *Rosser*, 3 East, 15 ; *Shepard* v. *Ryers*, 15 Johns. R. 497.  The submission and the ˉward are in the nature of a title deed, and afford the means, ˉn equity, of obtaining the title deed.  Trover would lie for ˉhese papers.  *Buckhurst's case*, 1 Co. 1 ; Com. Dig. *Charters, A* ; 2 Kent's Comm. 278 ; *Crane* v. *March*, 4 Pick. 131.  The agreement in question was to the effect, that either party would give the other further assurance ; and such an agreement runs with the land even at law.  *Middleman* v. *Goodale*, Cro. Car. 503.

There is a sufficient privity in this case between the parties. Com. Dig. *Chancery*, 2 C 2 ; *Lloyd, ex parte*, 17 Vesey, 245.

The assignee of a contract may maintain a bill to enforce a specific performance of it, notwithstanding the word assigns is not inserted in the contract ; and in no case is any stress laid on such an omission.  *Ensign* v. *Kellogg*, 4 Pick. 1 ; *Whitworth* v. *Davis*, 1 Ves. & Beames, 545 ; 1 Madd. Ch. 547 ; *Spragg* v. *Binkes*, 5 Ves. 583.

SHAW C. J. afterward drew up the opinion of the Court. The Court were formerly of opinion, that the administrator was a necessary party to this suit, on the ground, that he had an interest in the subject matter, which might be affected by the decree, and that a decree when made should be such as effectually to bind all parties in interest.  The original plaintiff prayed for a specific performance of the defendant's contract to perform the award of the referee and execute a release, if such should be required, on the ground, that as a purchaser, he alone had become interested in the estate, which the defendant was bound to release.  Such a decree, if made, ought to be a protection to the defendant against any action at law to be brought for breach of the contract ; and such action could only be brought by the administrator.  The latter having now come in, as a plaintiff, and prayed that the defendant may be decreed to carry his agreement into effect, by releasing to the other plaintiff, such a release would be an effectual bar to any action at law to be brought by the administrator for damages

*Margin:* Hodges *v.* Saunders.

for breach of the agreement. Then the question is, whether the plaintiff is entitled to such a decree.

The facts of the case are few and simple. They are these, that one Pitman was in possession of an estate, claiming title ; that the defendant, Saunders, claimed title to the same ; that they agreed in writing to submit that question to a competent person to decide, and to abide by and perform his award. Upon due notice, the referee made an award against the defendant's claim, and directed that he should execute a release. This he declined doing, and Pitman died before it was done, or before any suit was commenced. Hacker, now one of the plaintiffs, administered on Pitman's estate, and finding it necessary to sell real estate for payment of debts, pursuant to the statute, obtained license for that purpose, sold the estate, and the plaintiff, Hodges, became the purchaser. He has brought this bill to obtain a specific performance, and to strengthen his title by a release from the defendant.

This is certainly a highly just and reasonable claim. It is the policy of the law, in making the real estate of deceased persons a fund for the payment of debts, to give to the personal representative the most ample powers, to make it available. Such sale, by the terms of the statute, shall make as good a title to the purchaser as the owner himself in his lifetime could give. *St.* 1783, *c.* 32, § 1.

The execution of such a power is a trust for the benefit of creditors, and ought to have a most liberal construction, in order that purchasers may have full confidence in titles thus acquired, and feel encouraged to give the full value for estates thus sold.

Several objections are taken to the plaintiff's right to recover.

It is contended that the original agreement to submit this controversy and to perform the award, was not equal and mutual ; but we think there is no ground for this objection. Each party agreed to submit and be bound, and each was competent to perform such agreement, both at the time of the submission, and when the award was made. In the great case of *Penn* v. *Lord Baltimore*, an agreement to settle the boundaries of the provinces of Maryland and Pennsylvania, ac-

cording to decisions to be made, and lines to be run, by certain commissioners, was held to be mutual and equal, and made upon good consideration, and one fit to be carried into effect by a decision in chancery. 1 Ves. sen. 444.

And under the limited jurisdiction of this Court, it has been held, that an agreement to refer a question of title, and perform the award, was a fit subject for a decree, being equal, mutual, and made on sufficient consideration. *Jones* v. *Boston Mill Corp.* 4 Pick. 507 ; *S. C.* 6 Pick. 148.

The case in Wheaton, relied on by the defendant, was decided on the ground, that at the time of the submission and at the time the award was made, one party had no title and no power to perform the award, and therefore, that the agreement was not mutual.

It is then objected, that there is no privity between these parties ; that the plaintiff is a stranger to this agreement and award, and cannot sue in his own name, as assignee.

It was early held, upon the fullest consideration, that upon a conveyance without warranty, all deeds, warranties, covenants, and other muniments of title, belong to the grantee as appurtenant and incident to the land granted. This is founded upon the very plain and intelligible principle, that they are beneficial to the grantee, but useless to the grantor. *Buckhurst's case*, 1 Coke, 1.

And in an old case, it was decided, that a covenant for further assurance, on a conveyance of lands, runs with the land, and the assignee of the grantee, and not the covenantee, can maintain an action upon it or release it. *Middleman* v. *Goodale*, Cro. Car. 503.

The last was a case at law. But in equity, an agreement to perform an award, upon a matter of title, or boundary, which is substantially the same thing, and an award made directing a release to be executed, is an agreement to execute a release, and this, in equity, passes with the land, because it is beneficial only to the holder of the land. The privity therefore is a privity of estate in equity, arising from the situation in which the parties are placed. As to the objection, that the administrator, upon the sale of the estate of his intestate, did not in terms assign to the purchaser, the benefit of this agreement

and award, if the administrator himself had not come in and prayed, that the defendant might be decreed to execute the release, it might have been necessary to examine the conveyance more particularly, to see if such assignment was not made by implication. It may perhaps have been optional with the administrator, whether he would sue on the agreement at law, and recover damages, which, when recovered, would enure to the use of the creditors and heirs, or sell the estate, with the benefit of this agreement and award, and by thus removing an incumbrance, or cloud upon the title, obtain an enhanced price for the estate, which would enure in like manner to the benefit of the creditors and heirs. But by becoming a plaintiff, the administrator in effect affirms this assignment to the purchaser, so that we are to consider, that as far as the administrator could, he intended to assign and did assign this award to the purchaser, as one of the muniments of title incident to the land itself.

Then the question recurs, whether he had power to do so ; and of this we can entertain no serious doubt. He has power in the largest possible terms, to sell the estate ; but he is not bound to warrant, except the regularity of his own acts. The purchaser is to be put in the same situation that the intestate was in. The title of the heir is divested, and the purchaser is substituted in his place. We think the administrator is authorized and bound to do every act, which may be necessary to vest the title in the purchaser, in the most beneficial form. Supposing there was an incumbrance upon the land, and the intestate held a bond of indemnity from a third person against it, might not the administrator, upon a sale of the land under a license, assign such bond to the purchaser ? We think he might, and that the purchaser would become the equitable assignee of such obligation.

Supposing, then, that the administrator had power to assign these securities and did assign them to the purchaser of the estate, then the plaintiff having an equitable right, and a direct interest, might, we think, maintain a suit in his own name, to obtain a specific performance. *Ensign* v. *Kellogg*, 4 Pick. 1.

In equity, the right to enforce the agreement, depends upon the nature of the agreement, and the rights contemplated to be

obtained by the performance of it.   So a contract to purchase lands, in equity descends to the heir, because, had it been specifically executed the lands would have vested in the heir. In the present case, the complainant has a direct interest in the subject matter, to enforce a specific performance of the defendant's agreement, because the act to be done, when done, will enure directly to his benefit, both in equity and at law, by confirming a legal title, in which he alone is now interested.   *Champion* v. *Brown*, 6 Johns. Ch. R. 398.

The Court are of opinion, that the plaintiff, Hodges, is entitled to a decree as prayed for.